UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

TAYLOR LAMBERT
    Plaintiff,

v.

INTERNATIONAL UNION OF
BRICKLAYERS AND ALLIED
CRAFTWORKERS,
    Defendant.

Civil Action No. 23-309 (CKK)

**MEMORANDUM OPINION**
(July 18, 2023)

Plaintiff Taylor Lambert ("Lambert" or "Plaintiff") brought an action in the Superior Court of the District of Columbia against Defendant International Union of Bricklayers and Allied Craftworkers ("BAC" or "Defendant"), alleging that Defendant violated Title VII and "other Civil Rights Acts." *See generally* Compl. Defendant removed this action from D.C. Superior Court to federal court based on federal question jurisdiction. Now pending before the Court is Plaintiff's [10] Motion to Remand, in which Plaintiff argues that Defendant's removal was improper for three reasons: first, that this court lacks subject matter jurisdiction; second, that Defendant's notice of removal was not timely; and third, that Defendant "partook in gamesmanship" by removing the case before being served. *See* Pl.'s Mot. at 1–4. Upon consideration of the briefing,[1] the relevant legal authorities, and the record as a whole, the Court shall **DENY** Plaintiff's Motion to Remand.

---

[1] The Court's consideration has focused on the following documents:
- Plaintiff's Complaint, ECF No. 1-1 ("Compl.");
- Defendant's Notice of Removal, ECF No. 1 ("Notice of Removal");
- Plaintiff's Motion to Remand, ECF No. 10 ("Pl.'s Mot.");
- Defendant's Opposition to Motion for Remand, ECF No. 11 ("Def.'s Opp'n");
- Plaintiff's Response to Defendant's Opposition to Remand, ECF No. 12 ("Pl.'s Reply").

1

## I. BACKGROUND

Plaintiff Taylor Lambert, who is proceeding *pro se*, worked for Defendant until October 2021.  Notice of Removal ¶ 2.  Defendant suggests that Plaintiff resigned after indicating that she would not comply with Defendant's COVID-19 vaccination policy.  *Id.*  Contrarily, Plaintiff contends that she did not resign and was merely informing Defendant of her vaccination status.  *See* Pl.'s Mot. Ex. 5.

In response to these events, Plaintiff filed a Complaint in D.C. Superior Court on December 13, 2022, alleging that Defendant violated Title VII and "other Civil Rights Acts."  Compl. ¶ 3.  On February 3, 2023, Defendant removed the Complaint to this Court pursuant to 28 U.S.C. § 1441(a).  *See* Notice of Removal at 2.  Defendant then filed a [7] Motion to Dismiss on February 21, 2023, pursuant to Federal Rule of Civil Procedure 12(b)(6).  *See generally* ECF No. 7.  On March 6, 2023, prior to the deadline to respond to Defendant's Motion to Dismiss, Plaintiff filed the pending Motion to Remand.  The Court then vacated the briefing schedule and held in abeyance the Motion to Dismiss pending the resolution of Plaintiff's Motion to Remand.  *See* Minute Order, Mar. 8, 2023.  Plaintiff's Motion to Remand is now fully briefed and ripe for resolution.

## II. LEGAL STANDARD

"Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant."  *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).  Upon filing a notice of removal, the defendant "bears the burden of proving that jurisdiction exists in federal court."  *Downey v. Ambassador Dev., LLC*, 568 F. Supp. 2d 28, 30

---

In an exercise of its discretion, the Court finds that holding oral argument in this action would not be of assistance in rendering a decision.  *See* LCvR 7(f).

(D.D.C. 2008) (JDB).  Similarly, "[w]hen a plaintiff seeks to have a case that has been removed to federal court remanded back to state court, the party opposing a motion to remand bears the burden of establishing that subject matter jurisdiction exists in federal court." *Mizell v. SunTrust Bank*, 26 F. Supp. 3d 80, 84 (D.D.C. 2014) (KBJ) (quotation omitted).  Courts in this jurisdiction "construe[] removal jurisdiction strictly, favoring remand where the propriety of removal is unclear."  *Ballard v. D.C.*, 813 F. Supp. 2d 34, 38 (D.D.C. 2011).

### III. DISCUSSION

Plaintiff argues that Defendant's removal was improper for three reasons: first, that this court lacks subject matter jurisdiction; second, that Defendant's notice of removal was not timely; and third, that Defendant "partook in gamesmanship" by removing the case before being served.  *See* Pl.'s Mot. at 1–4.  The Court now addresses these arguments in turn.

**A. Subject Matter Jurisdiction**

Pursuant to 28 U.S.C. § 1441, a defendant may properly remove a civil action filed in state court to a federal district court that has original subject matter jurisdiction. 28 U.S.C. § 1441(a).  Accordingly, a defendant in a state court action may remove a case on the basis of the federal court's diversity jurisdiction, *see* 28 U.S.C. § 1332(a) (providing for original subject matter jurisdiction over cases between citizens of different states, where the amount in controversy exceeds $75,000), or because the case raises a cognizable question of federal law, see *id.* § 1331 (providing for original subject matter jurisdiction over "civil actions arising under the Constitution, laws, or treaties of the United States"), among other bases.

Here, Plaintiff argues that the case was improperly removed to federal court—and, therefore, should be remanded to D.C. Superior Court—because both parties are domiciled in the District of Columbia and therefore there is no diversity jurisdiction.  Pl.'s Mot. at 1.  However,

Defendant removed Plaintiff's action based on federal question jurisdiction, not diversity jurisdiction. *See* Def.'s Opp'n at 5; *see also* Notice of Removal ¶ 3.

"The presence or absence of federal question jurisdiction is governed by the 'well-pleaded complaint rule,'" *Caterpillar*, 482 U.S. at 392, which provides that "a suit 'arises under' federal law 'only when the plaintiff's statement of his own cause of action shows that it is based upon [federal law],'" *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009) (quoting *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908)). In the instant case, a federal question clearly appears on the face of Plaintiff's Complaint: Plaintiff asserts a federal cause of action when she argues that Defendant has "vehemently violated Title VII," a federal statute. *See* Compl. ¶ 3. Therefore, Defendant's removal of the case to federal court pursuant to federal question jurisdiction was unquestionably proper.

Plaintiff also raises violations of "other Civil Rights Acts" in her Complaint. *See* Compl. ¶ 3. To the extent this was intended to refer to state law claims, including perhaps the District of Columbia Human Rights Act, as Defendant suggests, *see* Def.'s Opp'n at 3, this Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367. In certain circumstances where "a federal court has an independent basis for exercising federal jurisdiction," it may also exercise "supplemental jurisdiction over related claims under state law." *Women Prisoners of D.C. Dep't of Corr. v. District of Columbia*, 93 F.3d 910, 920 (D.C. Cir. 1996). First, the court must determine "whether the state and the federal claims 'derive from a common nucleus of operative fact.'" *Id.* (quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966)); *see also Lindsay v. Gov't Employees Ins. Co.*, 448 F.3d 416, 423–24 (D.C. Cir. 2006). If so, the court then has the power under Article III of the Constitution to hear the state claims, *Women Prisoners*, 93 F.3d at 920; *see also* 28 U.S.C. § 1367(a); if the claims do not derive from a common nucleus of

4

operative fact, the court cannot exercise supplemental jurisdiction and the state claims must be dismissed, *Wisey's #1 LLC v. Nimellis Pizzeria LLC*, 952 F. Supp. 2d 184, 188 (D.D.C. 2013) (JDB). Next, even if the court has the power to adjudicate the state law claims, it must consider certain bases for declining to exercise supplemental jurisdiction as enumerated by 28 U.S.C. § 1367(b) and (c). *See Lindsay*, 448 F.3d at 421.

Plaintiff's Title VII claim and state law claims under "other Civil Rights Acts," if they are to be construed as such, derive from a common nucleus of operative fact: the controversy surrounding the end of Plaintiff's employment relating to Defendant's COVID-19 vaccination policy. *See* Compl. ¶ 3; Pl.'s Mot. ¶ 3. None of the factors that may lead courts to decline to exercise supplemental jurisdiction are present. Therefore, at this time and on the present record, the Court chooses to assert supplemental jurisdiction over any state law claims that Plaintiff intended to plead, although they were not expressly articulated as such.

### B. Timeliness of Filing

Next, Plaintiff argues that Defendant filed its Notice of Removal after the deadline to do so had passed. Pl.'s Mot. ¶ 2. Pursuant to statute, a defendant has thirty days after receipt of the initial pleading, through service or otherwise, to file a notice of removal. 28 U.S.C. § 1446(b). Here, Defendant filed its Notice of Removal on February 3, 2023. Therefore, to be timely filed, Defendant must have received a copy of the Complaint no earlier than January 4, 2023.

Defendant contends that it first obtained a copy of the Complaint on January 4, 2023, *see* Notice of Removal ¶ 1, which it supports through sworn declarations from both its outside counsel of record and General Counsel, *see* ECF No. 11-1 ("Kekacs Decl."); ECF No. 11-2 ("O'Connor Decl."). On December 28, 2022, Defendant received in the mail a Notice of Remote Initial Scheduling Conference in D.C. Superior Court for the case brought by Plaintiff Lambert.

Kekacs Decl. ¶ 3; O'Connor Decl. ¶ 2. Defendant states that at that time, they had not yet been served with or otherwise received the Complaint. O'Connor Decl. ¶ 3. On January 3, 2023, Defendant's General Counsel reached out to its outside counsel of record, Bredhoff & Kaiser P.L.L.C., with this information. Kekacs Decl. ¶ 2; O'Connor Decl. ¶ 4. The following day, January 4, 2023, a paralegal at Bredhoff & Kaiser contacted the office of the Clerk at D.C. Superior Court and requested a copy of Plaintiff's Complaint. Kekacs Decl. ¶ 4. A deputy clerk emailed a copy of the Complaint to the paralegal that same day. *Id.*; Kekacs Decl. at 7 (email from clerk to paralegal sent on January 4, 2023, with subject line including case number and text "eCopy of Complaint"); *see also* O'Connor Decl. ¶ 5.

Plaintiff claims that Defendant obtained a copy of the Complaint prior to January 4, 2023. Pl.'s Mot. ¶ 2. To support this, she points to Defendant's Notice of Removal, in which Defendant attached said "Notice of Remote Initial Scheduling Conference" that was stamped with "Received Dec 28 2022". *See id.*; Pl.'s Mot. Ex. 2 at 12. Defendant admits that they received the Notice of Remote Initial Scheduling Conference on December 28, 2022, as discussed previously, and, furthermore, this does nothing to support Plaintiff's assertion that Defendant received the *Complaint* at that time or any time before January 4, 2023. Plaintiff's only other argument is that she claims in her reply brief that "Defendant has a long-standing history of manipulating facts, events and even dates." Pl.'s Reply at 2–3 (citing ECF No. 12-1 ("Lindsay Decl.") ¶¶ 7–8 (declaration from an ex-employee of International Union of Bricklayers and Allied Craftworkers suggesting that they had been "persuaded by" or "pressured by" their employer "to falsify" certain information)). This does not do anything to confirm, let alone suggest, that Defendant received the Complaint prior to January 4, 2023.

Accordingly, without more concrete evidence to support Plaintiff's position that

6

Defendant received the Complaint prior to January 4, 2023, this Court finds that Defendant timely filed its notice of removal.

### C. Improper Procedure

Finally, Plaintiff argues that Defendant engaged in improper "gamesmanship" by removing the action to federal court prior to service of the Complaint. Pl.'s Mot. at 4.

Case law is clear that "[f]ederal courts have held that formal service is not required before removing a case." *See Middlebrooks v. Godwin Corp.,* 279 F.R.D. 8, 11 (D.D.C. 2011) (BAH) (collecting cases). One exception is the forum defendant rule, under which "[a] civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). That rule is not applicable here, where the case was properly removed based on federal question jurisdiction. *See* Notice of Removal ¶ 3. The Court therefore finds that Defendant's removal of the action prior to service of the Complaint was not improper.

## IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's [10] Motion to Remand. An appropriate Order accompanies this Memorandum Opinion.

/s/
COLLEEN KOLLAR-KOTELLY
United States District Judge